IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT SVACARA and STEVEN SVANCARA,<br><br>    Plaintiffs,<br><br>v.<br><br>RAIN AND HAIL, LLC,<br><br>    Defendant. | CASE NO. 8:09CV144<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Dismiss (Filing No. 6). For the reasons explained below, the Motion to Dismiss will be granted, and the Plaintiffs will be given leave to file an Amended Complaint in accordance with the Court's findings in this Memorandum and Order.

## FACTS

Plaintiffs Robert Svancara (whose name is misspelled in the case caption) and Steven Svancara purchased separate crop insurance policies (the "Policies" or "Policy") from Defendant Rain and Hail, LLC ("Rain and Hail"), through an insurance agent. (Complaint, Filing No. 1, ¶ 4). The Policies were in effect through the crop year 2007. (*Id.*, ¶ 5). The Policies included identical clauses concerning arbitration. (*See* Filing No. 8, Attachment No. 3 at 28-30; Filing No. 8, Attachment No. 4 at 30-32). These clauses stated, in relevant part:

> **20. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review**
> (a) If you and we fail to agree on any determination made by us except those specified in section 20(d)[1], the disagreement may be resolved through mediation in accordance with section 20(g).  If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. . . .
> . . . .

---

[1] Section 20(d) of the Policies refers to disputes concerning good-farming practices, not at issue in this case.

(c) Any decision rendered in arbitration is binding on you and us unless judicial review is sought in accordance with section 20(b)(3)[2]. Notwithstanding any provision in the rules of the AAA, you and we have the right to judicial review of any decision rendered in arbitration.

. . . .

(h) Except as provided in section 20(i), no award or settlement in mediation, arbitration, appeal, administrative review or reconsideration process or judicial review can exceed the amount of liability established or which could have been established under the policy, except for interest awarded in accordance with section 26.

The Plaintiffs made separate claims under their individual Policies for crop damage in 2007. (Complaint, ¶¶ 7-11). Rain and Hail denied the claims, and the Plaintiffs proceeded to arbitration. (*Id.*, ¶¶ 12-13). On March 7, 2009, the arbitrator returned separate awards in favor of Rain and Hail on each of the Plaintiffs' claims. (Filing No. 8, Attachment Nos. 5-6).

On April 8, 2009, the Plaintiffs filed suit in one action, presenting separate claims for breach of contract, in the District Court of Antelope County, Nebraska. Rain and Hail removed the action to this Court, asserting that this Court has jurisdiction due to the diversity of the citizenship of the parties and the amounts in controversy. (Notice of Removal, Filing No. 1). Robert Svancara is seeking damages in the amount of $61,449.51, plus pre-judgment interest, attorney fees and costs. (Complaint, ¶ 16[3], and Prayer for Relief). Steven Svancara is seeking damages in the amount of $190,755.17, plus prejudgment interest, attorney fees, and costs. (*Id.*, ¶ 18[4] and Prayer for Relief). Rain and Hail notes that "Plaintiffs' Complaint alleged damages in excess of $251,000.00." (Notice

---

[2] The Policies at section 20(b)(3) provide: "If arbitration has been initiated in accordance with section 20(b)(1) and completed, and judicial review is sought, suit must be filed not later than one year after the date the arbitration decision was rendered."

[3] The paragraphs in the Plaintiffs' Complaint are misnumbered. There are three paragraphs numbered "16." Reference is made to the third of the three.

[4] There are two paragraphs numbered "18" in the Complaint. Reference is made to the second of the two. The Complaint also contains a heading "FIRST CAUSE OF ACTION – BREACH OF CONTRACT AS TO ROBERT SVANCARA." (Complaint at 2). Although there is no second heading for Steven Svancara's cause of action, it is apparent that the Complaint asserts a separate cause of action for each Plaintiff.

of Removal, Filing No. 1, ¶ 6).

Rain and Hail has moved to dismiss the action (Filing No. 6), asserting that the Policies contained binding arbitration clauses, the arbitrator entered awards in favor of Rain and Hail, and the Plaintiffs' Complaint does not allege any grounds warranting vacation of the awards under the Federal Arbitration Act, 9 U.S.C. § 10.  The Plaintiffs oppose dismissal, asserting that the Policies should be construed as providing for non-binding arbitration, or, in the alternative, that the Plaintiffs should be permitted to amend their Complaint to seek judicial review of the arbitration awards.

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

The parties have submitted evidentiary materials in support of their positions, and the Court has considered those materials.  Those evidentiary materials are not in dispute and are embraced by the Complaint.  The Court, therefore, will not convert the Motion to Dismiss to one for summary judgment under Fed. R. Civ. P. 12(d).  See, *e.g.*, *Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)("Though 'matters outside the pleading' may not be considered in deciding a Rule 12 motion to dismiss, documents 'necessarily embraced by the complaint' are not matters outside the pleading.")(citing *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003)).

## DISCUSSION

### *Do the Plaintiffs' Causes of Action for Breach of Contract State Claims upon which Relief Can Be Granted?*

The Plaintiffs do not argue that the terms of section 20 of the Policies are void under federal or state law. Instead, the Plaintiffs merely contend that the Policies provide for non-binding arbitration, because the Policies make reference to "judicial review." Rain and Hail argues that the Policies provide for binding arbitration, and that the Plaintiffs' exclusive remedy is judicial review, pursuant to section 20(b)(3) of the Policies and the Federal Arbitration Act, at 9 U.S.C. § 10(a)(1)-(4).[5]

In Nebraska, when a Court reviews "an insurance policy, the policy must be construed as any other contract and effect must be given to the parties' intentions at the time the contract was made. Where the terms of such a contract are clear, they are to be accorded their plain and ordinary meaning." *Farm Bureau Ins. Co. of Nebraska v. Bierschenk*, 548 N.W.2d 322, 324 (Neb. 1996). "While it is true that an ambiguous insurance contract will be construed in favor of the insured, it is also true that an ambiguity will not be read into insuring language which is plain and unambiguous in order to construe it against the preparer of the contract." *John Markel Ford, Inc. v. Auto-Owners Ins. Co.*, 543 N.W.2d 173, 178 (Neb. 1996).

The Court concludes that the clear language of the Policies provides for *binding*

---

[5] It is not clear to the Court at this time, however, whether the judicial review anticipated by the Policies was that provided in 9 U.S.C. § 10 or in Neb. Rev. Stat. §§ 25-2613 *et seq*. (Reissue 2008). It is also not clear whether Plaintiffs may have a right to challenge the validity of the arbitration clause. See, *e.g.*, Neb. Rev. Stat. §§ 25-2602.01(f)(4), 25-2602.02 (Reissue 2008); *Booth v. Seaboard Fire & Marine Ins. Co.*, 431 F.2d 212, 215 (8th Cir. 1970)(declining to decide the question of whether an insurance contract was in the stream of interstate commerce, and the policy's arbitration clause thereby protected under the FAA); and *Heisner v. Jones*, 169 N.W.2d 602, 606 (Neb. 1969)("The arbitration clause in the [insurance] policy compelling the parties to a contract to arbitrate and thus to oust the court of jurisdiction to settle the dispute is against public policy in Nebraska."). As this Memorandum and Order grants the Defendant's Motion to Dismiss based on the contractual interpretation of the Policies' arbitration clause alone, the Court refrains from further analysis of such issues at this time.

arbitration, subject to judicial review pursuant to section 20(b)(3) of the Policies. There are no ambiguities in the plain language of the Policies regarding the binding nature of arbitration. While the Plaintiffs' Complaint, based on breach of contract, fails to state a claim upon which relief can be granted, the Court will permit the Plaintiffs to amend their Complaint to state a claim requesting review of the final arbitration awards, in accordance with section 20 of the Policies.

## CONCLUSION

The Court will grant the Defendant's Motion to Dismiss, and permit the Plaintiffs to file an Amended Complaint stating claims upon which relief can be granted, in accordance with this Memorandum and Order.

IT IS ORDERED:

1. The Defendant Rain and Hail, Inc.'s Motion to Dismiss (Filing No. 6) is granted;

3. The Plaintiffs, Robert Svancara and Steven Svancara, may file an Amended Complaint, in accordance with the Court's findings in this Memorandum and Order, on or before July 6, 2009;

3. The Defendant Rain and Hail, Inc., will file its Answer to the Plaintiffs' Amended Complaint in compliance with time allotted in Fed. R. Civ. Pro. 15(a); and

4. The Clerk will change the caption to correct the spelling of the name of Plaintiff Robert Svancara.

DATED THIS 11th day of June, 2009

s/Laurie Smith Camp
United States District Judge