IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT SVANCARA and STEVEN SVANCARA,** | ) ) ) | **CASE NO. 8:09CV144** |
| **Plaintiffs,** | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| **RAIN AND HAIL, LLC,** | ) ) ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's Motion to Dismiss First Amended Complaint (Filing No. 19). In the Motion, the Defendant Rain and Hail, LLC ("Rain and Hail") asks the Court to dismiss with prejudice the Plaintiffs' First Claim for Relief, based on contract, and asks the Court to narrow the Plaintiffs' Second Claim for Relief, to specify that the Court's judicial review of the arbitrator awards in question must proceed under the statutory factors listed in the Federal Arbitration Act ("FAA") 9 U.S.C. §§ 10(a)(1)-(4).

For the reasons explained below, the Motion to Dismiss will be granted, and Rain and Hail will be required to respond to the Plaintiffs' Second Claim for Relief under the FAA only.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Robert Svancara and Steven Svancara purchased separate crop insurance policies (the "Policies" or "Policy") from Rain and Hail through an insurance agent. (First Amended Complaint, Filing No. 18, ¶ 4). The Policies were in effect through the crop year 2007. (*Id.*, ¶ 5). The Policies included identical clauses concerning arbitration. (*See* Policies at Filing No. 8, Attachment No. 3, at 28-30; Filing No. 8, Attachment No. 4, at 30-32).

The Plaintiffs made separate claims under their individual Policies for crop damage in 2007. (First Amended Complaint, ¶¶ 7-11). Rain and Hail denied the claims, and the Plaintiffs proceeded to arbitration. (*Id*., ¶¶ 12-13). On March 7, 2009, the arbitrator returned separate awards in favor of Rain and Hail on each of the Plaintiffs' claims. (Filing No. 8, Attachment Nos. 5-6).

On April 8, 2009, the Plaintiffs filed suit in one action, presenting separate claims for breach of contract, in the District Court of Antelope County, Nebraska. Rain and Hail removed the action to this Court, asserting that this Court has jurisdiction due to the diversity of the citizenship of the parties and the amounts in controversy. (Notice of Removal, Filing No. 1).

Rain and Hail then moved to dismiss the action, asserting that the Policies contained binding arbitration clauses; the arbitrator entered awards in favor of Rain and Hail; and the Plaintiffs' Complaint did not allege any grounds warranting vacation of the awards under the Federal Arbitration Act, 9 U.S.C. § 10. The Court granted the motion to dismiss, finding that the Policies did provide for binding arbitration, and gave the Plaintiffs leave to amend. (Filing No. 17).

Plaintiffs filed their First Amended Complaint (Filing No 18), presenting two Claims for Relief. The First Claim for Relief is again based in contract, alleging that Rain and Hail failed to perform its obligations under the Policies. The Second Claim for Relief seeks vacation of the arbitrator awards "pursuant to the Federal Arbitration Act Section 10 and/or Neb. Rev. Stat. 25-2613." (Filing No. 18, ¶ 25). Plaintiffs assert that the awards should be vacated because they "(a) exceeded the scope of [the arbitrator's] authority, (b) lack[] a rational basis and [are] arbitrary and erroneous, and (c) [are] made with manifest disregard of law." (*Id*.).

Rain and Hail moved to dismiss the First Claim for Relief, because it is essentially the same claim the Court dismissed in its Memorandum and Order of June 11, 2009 (Filing No 17), when the Court found that the Policies provided for binding arbitration. Rain and Hail also seeks to narrow the Second Claim for Relief to eliminate any claim under Nebraska law and to eliminate any alleged grounds for vacation of the arbitration awards other than those found in 9 U.S.C. § 10(a)(1)-(4).

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

The parties submitted evidentiary materials in support of their positions in connection with Rain and Hail's first Motion to Dismiss, and the Court has continued to consider those materials, noting that they are not in dispute and are embraced by the First Amended Complaint. The Court, therefore, again finds no reason to convert the pending Motion to Dismiss to one for summary judgment under Fed. R. Civ. P. 12(d). See, *e.g.*, *Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)("Though 'matters outside the pleading' may not be considered in deciding a Rule 12 motion to dismiss, documents 'necessarily embraced by the complaint' are not matters

3

outside the pleading.")(citing *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003)).

## DISCUSSION

### *Does the Plaintiffs' First Claim for Relief, Based on Breach of Contract, State a Claim upon which Relief Can Be Granted?*

In its Memorandum and Order of June 11, 2009 (Filing No. 17), this Court concluded that the clear language of the Policies provided for *binding* arbitration, subject to judicial review pursuant to the terms of the Policies, and that the Plaintiffs' Complaint, based on breach of contract, failed to state a claim upon which relief could be granted. Accordingly, the Court permitted the Plaintiffs to amend their Complaint to state a claim requesting review of the final arbitration awards, in accordance with section 20 of the Policies.

The Plaintiffs state that they reasserted their contract claim to preserve the issue for appeal. (Plaintiffs' Brief, Filing No. 21, p. 2). It is so noted, and the First Claim for Relief will be dismissed for the same reasons stated in the Court's earlier Memorandum and Order.

### *Do the Policies Involve Interstate Commerce, Bringing Them Under the Exclusive Scope of the Federal Arbitration Act?*

The parties acknowledge that if the Policies are contracts involving interstate commerce, then they are governed by the FAA, and the arbitrator awards are not subject to review pursuant to the Nebraska Uniform Arbitration Act, at Neb. Rev. Stat. § 25-2613 (Reissue 2008). *State v. Henderson* 762 N.W.2d 1, 4 (Neb. 2009)("Arbitration in Nebraska is governed by the Federal Arbitration Act if it arises from a contract involving interstate commerce; otherwise, it is governed by Nebraska's Uniform Arbitration Act."); *Aramark Uniform & Career Apparel, Inc. v. Hunan*, *Inc.*, 757 N.W.2d 205, 209 (Neb.

2008)("Arbitration in Nebraska is governed by the UAA as enacted in Nebraska. But if arbitration arises from a contract involving interstate commerce, it is governed by the FAA.")

It is undisputed that the Policies were crop insurance policies reinsured under the authority of the Federal Crop Insurance Act, 7 U.S.C. §§ 1501 *et seq*. For the same reasons expressed by the U.S. District Court for the Middle District of Alabama in its well-reasoned decision of *Nobles v. Rural Community Ins. Serv.*, 122 F. Supp. 2d 1290 (M.D. Ala. 2000), I conclude that a crop insurance policy, reinsured by a federal agency, "involves interstate commerce." *Id*. at 1299. Further, the Policies provide: "In any . . . arbitration . . . or judicial process, the terms of this policy, the [Federal Crop Insurance][1] Act, and the regulations published at 7 CFR chapter IV, including the provisions of 7 CFR part 400, subpart P, are binding. Conflicts between this policy and any state or local laws will be resolved in accordance with section 31." (The Policies, Filing Nos. 8-3 and 8-4, ¶¶ 20(f)). "State and local laws and regulations in conflict with federal statutes, this policy, and the applicable regulations do not apply to this policy." (*Id*., ¶¶ 31.)

Accordingly, the Plaintiffs' Second Claim for Relief may proceed pursuant to the FAA only, and to the extent that the Second Claim for Relief purports to state any claim under § 25-2613 of the Nebraska Uniform Arbitration Act, that claim will be dismissed, with prejudice.

---

[1] The Policies refer to the Federal Crop Insurance Act, 7 U.S.C. §§ 1501 *et seq.,* as the "Act." (The Policies, Filing Nos. 8-3 and 8-3, p. 1 of 26).

## CONCLUSION

The Defendant's Motion to Dismiss will be granted; the Plaintiffs' claim based on alleged breach of contract will be dismissed, with prejudice; the Plaintiffs' claim for judicial review of the arbitrator awards pursuant to the Nebraska Uniform Arbitration Act will be dismissed, with prejudice; the Defendant will be required to respond to the Plaintiffs' claims for judicial review under the FAA; and further guidance from the Court at this time regarding the scope of the Court's review of the arbitrator awards is not warranted.

IT IS ORDERED:

1. The Defendant Rain and Hail, Inc.'s Motion to Dismiss (Filing No. 19) is granted;

2. The Plaintiffs' First Claim for Relief, based on alleged breach of contract, is dismissed, with prejudice;

3. That portion of the Plaintiffs' Second Claim for Relief seeking judicial review of arbitrator awards pursuant to Neb. Rev. Stat. 25-2613 is dismissed, with prejudice; and

4. The Defendant Rain and Hail, Inc., will respond to the remainder of the Plaintiffs' First Amended Complaint on or before September 21, 2009.

DATED THIS 11th day of September, 2009

BY THE COURT:

s/Laurie Smith Camp
United States District Judge